# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS C. CAIN, | ) |
| | ) |
|     Plaintiff, | )    No. 3:18-cv-00521 |
| | ) |
| v. | )    Judge Aleta A. Trauger |
| | ) |
| CITY OF MT. JULIET; MICHAEL CORDLE, and OTHER UNNAMED OFFICERS | ) |
| | ) |
|     Defendants. | ) |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01, the parties through counsel hereby submit a joint Initial Case Management Order, as follows:

    A.    JURISDICTION: The Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331 & 1367. Jurisdiction is undisputed.

    B.    BRIEF THEORIES OF THE PARTIES:

    1) PLAINTIFF:

In the early morning hours of September 18, 2017, several plainclothes officers identifying themselves as detectives with the Mount Juliet Police Department ("MJPD") knocked on the door of Plaintiff, Lewis Cain, to serve a *capias* warrant to arrest his son, Lance Cain. After arresting Lance Cain, one of the MJPD officers demanded the keys of Plaintiff's vehicle. Over Plaintiff's objections and without a warrant or probable cause, the officer entered Plaintiff's home, entered the attached garage through the house, opened the garage door, and drove Plaintiff's vehicle away.

Without notice to Plaintiff, a forfeiture warrant hearing was held on September 19, 2017. In support of the Forfeiture Warrant, Defendant Michael Cordle filed an affidavit averring that

Lance Cain, not Plaintiff, was the owner of the vehicle. At the time the vehicle was seized, the registration for the vehicle was located in the glove compartment and identified Plaintiff Lewis Cain as the owner. MJPD and specifically Defendant Michael Cordle had knowledge that the vehicle was registered to Plaintiff as early as 2016. Nothing in the Forfeiture Warrant, or any affidavit or documents submitted in the Forfeiture Hearing, alleged that Plaintiff was involved in, or had any knowledge of, any criminal activity taking place or the use of the vehicle in furtherance of criminal activity; no such evidence existed. Plaintiff contested the seizure of his vehicle. On January 4, 2018, the State of Tennessee filed a Motion for Order of Voluntary Nonsuit and Dismissal, which was granted. Plaintiff's vehicle was returned on January 22, 2018.

Plaintiff brought this civil rights action pursuant to 42 U.S.C. § 1983 and Tennessee Code Annotated § 40-33-215. By seizing and retaining his vehicle without a warrant based on probable cause that Defendants violated Plaintiff's rights under the Fourth Amendment of the United States Constitution. Likewise, by failing to provide notice and a fair hearing prior to the seizure of his vehicle and by requiring him to pay costs prior to receiving a hearing, Defendants violated Plaintiff's rights under the Fifth Amendment of the United States Constitution. Further, Defendants, with the knowledge that Plaintiff owned the vehicle and without evidence that Plaintiff had knowledge of any criminal activity taking place, seized Plaintiff's vehicle in bad faith. Accordingly, the seizing authority, the City of Mount Juliet, violated Tennessee Code Annotated § 40-33-215. Plaintiff seeks compensatory and punitive damages, costs, and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and Tenn. Code Ann. § 40-33-215.

2) DEFENDANT CITY OF MT. JULIET:

Prior to the arrest of Lance Cain (Plaintiff's son), Mt. Juliet officers, on three separate occasions, made controlled drug purchases with Lance Cain through the use of a confidential

source. On each of the three occasions, Lance utilized the black BMW that is the subject of this lawsuit. The Wilson County Grand Jury returned three indictments against Lance Cain for selling cocaine, and an arrest warrant was issued for Lance Cain for these charges. On September 18, 2017, law enforcement officers from various agencies served the arrest warrant on Lance Cain at his residence where he lived with his father, Plaintiff Lewis Cain.

One of the officers went to the front door of the residence and knocked. Lance Cain answered the door and identified himself. The officer walked Lance inside so that he could get dressed and then escorted him to a Mt. Juliet Police Department patrol vehicle. Lance Cain told the officers the keys to the BMW were inside the house. The officers entered the house and were told by Plaintiff (Lewis Cain) that he didn't know where Lance kept the keys to the car. After speaking with Lance again, Lance told the officers the keys were under a chair in the living room. The officers found the keys and then entered the garage to seize the BMW. The search of the BMW revealed, among other things, receipts signed by Lance, satellite radio registration in Lance's name, and car repair documents with Lance's name. Lance Cain signed a notice of seizure, and on September 19, 2017, a Wilson County General Sessions Judge found probable cause for the seizure/forfeiture of the BMW. Plaintiff Lewis Cain then contested the seizure with the Tennessee Department of Safety. Before the hearing occurred, the State filed a non-suit, and the vehicle was returned to Plaintiff.

The City asserts that Plaintiff's Fourth Amendment rights were not violated as the entry into the home to obtain the car keys and the seizure of the vehicle were reasonable under the circumstances presented. Further, Plaintiff's due process rights were not violated as he received all the process to which he was entitled. Thus, as no constitutional violation occurred, the City is not liable to the Plaintiff under 42 U.S.C. § 1983. Alternatively, even if a constitutional violation

3

occurred, the City is not liable for the acts of its officers/employees on the basis of *respondeat superior*. The Plaintiff fails to plead sufficient facts to state a municipal liability claim. Further, the City contends that there existed no custom, policy or practice of allowing or condoning unconstitutional acts by its City police officers, and thus a municipal liability claim cannot survive.

Finally, as to Plaintiff's state law claim, the City contends that its officer(s) did not act intentionally, dishonestly or willfully in regard to the seizure of the vehicle, and thus the City is not liable to the Plaintiff under Tenn. Code. Ann. § 40-33-215.

3) DEFENDANT MICHAEL CORDLE:

Detective Michael Cordle is a Tennessee Certified Law Enforcement Officer. He is employed by the City of Mt. Juliet, Tennessee in the City's Police Department as a Corporal Detective.

By way of background, prior to the events which occurred on September 18, 2017, the son of the Plaintiff in this action, Lance Cain, had been the subject of a drug investigation in Wilson County. On three different dates, undercover law enforcement officers observed Lance Cain engage in illegal drug activity, and on each occasion, Lance Cain was in and utilized the black BMW automobile that is the subject of this lawsuit. Utilizing that information as probable cause, the Grand Jury seated in Wilson County later issued three indictments against Lance Cain for the illegal sale of cocaine. The Grand Jury issued an arrest warrant for Lance Cain's arrest. On September 18, 2017, officers were on the scene at 2512 Bayview Drive in Nashville for the purpose of arresting Lance Cain, pursuant to the warrant. The law enforcement investigation which led to the issuance of a warrant against Lance Cain identified the 2512 Bayview Drive as his residence. When officers arrived at that address, they encountered Lance Cain, who identified himself. After being told of the existence of a warrant for his arrest, Lance Cain was allowed to

4

Case 3:18-cv-00521   Document 24   Filed 09/05/18   Page 4 of 8 PageID #: 77

get dressed and then later escorted in custody to a Mt. Juliet Police Department patrol vehicle. Lance Cain also told the officers on the scene as to where the keys for the black BMW vehicle were located inside the house. After having further conversations with both Lance Cain and the Plaintiff (Lewis Cain, who was also inside the house), officers located the keys to the BMW in the vehicle itself. Of note, inside the BMW officers found and identified several items which reasonably led them to believe that the black BMW that had been observed in the drug transactions belonged to and was owned by Lance Cain. Those items included, but were not limited to, paperwork indicating a satellite radio registration in Lance Cain's name, as well as vehicle repair documents for the BMW which had Lance Cain's name and address on the documents.

Following his arrest, Lance Cain was transported to the Mt. Juliet Police Department headquarters. There, Lance Cain signed and acknowledged that he was both the person in possession and the owner of the seized property, *i.e.*, the black BMW, in connection with the paperwork related to the notice of property seizure and forfeiture of a conveyance.

In this action, Detective Cordle denies any and all allegations that he violated any of Plaintiff's rights or that the Plaintiff is entitled to damages under any theory or claim. To the extent that there was any misidentification related to the actual ownership of the black BMW vehicle in question, it was the result of an administrative oversight. Any misidentification that may have occurred was not intentional. It was not done maliciously. And, it was not done with any intent or purpose to violate Plaintiff's civil rights.

    C.    <u>ISSUES RESOLVED</u>: Jurisdiction and venue.

    D.    <u>ISSUES STILL IN DISPUTE</u>: Liability and damages.

E. <u>INITIAL DISCLOSURES</u>: The parties shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) on or before **September 24, 2018**.

F. <u>DISCOVERY</u>: The parties shall serve all written discovery on or before **May 24, 2019**. The parties shall complete all written discovery and depose all fact witnesses on or before **July 8, 2019**. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01(b) is expanded to allow 40 interrogatories, including subparts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G. <u>MOTIONS TO AMEND</u>: The parties shall file all Motions to Amend on or before **November 9, 2018**.

H. <u>DISCLOSURE OF EXPERTS</u>: The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **May 8, 2019**. The defendants shall identify and disclose all expert witnesses and reports on or before **June 7, 2019**.

I. <u>DEPOSITIONS OF EXPERT WITNESSES</u>: The parties shall depose all expert witnesses on or before **July 8, 2019**.

J. <u>JOINT MEDIATION REPORT</u>: The parties shall file a joint mediation report on or before **July 15, 2019**.

K. <u>DISPOSITIVE MOTIONS</u>: The parties shall file all dispositive motions on or before **September 13, 2019**. Responses to dispositive motions shall be filed within twenty (20) days after the filing of the motion. Optional replies may be filed within ten (10) days after the filing of the response. Briefs shall not exceed <u>20 pages</u>. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such a motion shall first file a

separate motion that gives the justification for filing a partial summary judgment motion in terms of overall economy and time and expense for the parties, counsel and the court.

    L.    <u>ELECTRONIC DISCOVERY</u>: The parties have reached agreements on how to conduct electronic discovery. Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

    M.    <u>ESTIMATED TRIAL TIME</u>: The parties expect the trial to last approximately 3 days.

    It is so **ORDERED**.

_____
ALETA A. TRAUGER
U.S. District Judge

APPROVED FOR ENTRY:

/s/ *Mandy Strickland Floyd*
Mandy Strickland Floyd, BPR#31123
Thomas H. Castelli, BPR# 24849
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
(615) 691-7219 (facsimile)
*Attorneys for Lewis Cain*


/s/ *Kristin E. Berexa*
Kristin E. Berexa, BRP # 14833
William C. Mazzota, BPR # 35247
Farrar & Bates, L.L.P.
211 Seventh Avenue North, Suite 500
Nashville, Tennessee 37219
(615) 254-3060
*Attorneys for the City of Mt. Juliet*

*/s/ Robert M. Burns*
Robert M. Burns, BPR # 15383
HOWELL & FISHER, PLLC
300 James Robertson Parkway
Nashville, TN  37201
(615) 921-5211
*Attorney for Michael Cordle*