UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| LEWIS C. CAIN, | ) |
| Plaintiff, | ) No. 3:18-cv-00521 |
| v. | ) Judge Eli J. Richardson |
| | ) Magistrate Judge Joe Brown |
| CITY OF MT. JULIET; MICHAEL CORDLE, and MICHAEL WENTZELL | ) |
| Defendants, | ) |

## FIRST AMENDED COMPLAINT

Plaintiff Lewis C. Cain brings this civil rights action pursuant to 42 U.S.C. § 1983 to redress the violations of his Fourth Amendment Rights and pursuant to T.C.A. § 40-33-215 for the bad faith application of Tennessee's Civil Asset Forfeiture Laws to him, showing as follows:

## PARTIES TO THE SUIT

1. Mr. Lewis C. Cain is a citizen and resident of Davidson County, Tennessee. He resides at 2512 Bayview Drive, Nashville, Tennessee, 37217.

2. Mr. Cain is a combat veteran of the Vietnam War and is disabled, suffering continually from physical pain and Post-Traumatic Stress Disorder.

3. Defendant Michael Cordle is, or was at all times relevant to the Complaint, an Officer with the Mount Juliet Police Department. Officer Cordle was responsible for obtaining the Forfeiture Warrant, based upon his own affidavit, and conspired to perpetrate the unlawful seizure described herein.

4. Defendant Michael Wentzell is, or was at all times relevant to the Complaint, an Officer with the Mount Juliet Police Department. Officer Wentzell was directly responsible for the unlawful seizure described herein.

5. The City of Mt. Juliet is a city incorporated in Wilson County, Tennessee. It operates the Mt. Juliet Police Department and employs the individual defendants.

6. Each individual defendant is sued in his individual capacity.

## JURISDICTION

7. This controversy arises out of the Fourth Amendment of the United States Constitution. Because this action arises under the Constitution and laws of the United States, this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

8. The Court has supplemental jurisdiction over Plaintiff's Tennessee state law claim pursuant to 28 U.S.C. § 1367 because it is so related to the federal claims that it forms part of the same case or controversy.

9. Venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391 because Defendants reside within the Middle District of Tennessee and all acts related to this action occurred with the Middle District of Tennessee.

## STATEMENT OF THE FACTS

10. Mr. Lewis Cain purchased a 2009 BMW 750 series, VIN # WBAKB83529CY57857, with Tennessee Davidson County license plate no. 0A9-822 (hereinafter, the "Vehicle") from Vehicles Nashville, located at 1938 Elm Hill Pike, Nashville, TN 37210, on March 3, 2016.

11. Mr. Cain financed the purchase of the Vehicle through Electric Service Credit Union, and the car note is paid directly from Mr. Cain's bank account.

12. The Vehicle is registered with the Davidson County Clerk's office in Mr. Cain's name.

13. Mr. Cain also owns the real property located at 2512 Bayview Drive, Nashville, TN 37217, where he lives.

14. Mr. Cain's adult son, Lance Carlton Cain, also resided with him at the residence.

15. As many parents do, Mr. Cain allowed his son, Lance Cain, to borrow the Vehicle from time to time.

16. Lance Cain has no ownership interest in the Vehicle.

17. Lance Cain has no ownership interest in Mr. Cain's home.

18. In the early morning hours of September 18, 2017, an officer identifying himself as a detective with the Mount Juliet Police Department ("MJPD") and a detective with the Metropolitan Nashville Police Department knocked on Mr. Cain's door to serve a *capias* warrant to arrest Lance Cain.

19. Lance Cain answered the door and, when asked, identified himself to the officers. Lance Cain was arrested at that time and taken outside.

20. After arresting Lance Cain, one or more officers entered Mr. Cain's home without authorization or a warrant, and found Mr. Cain asleep in the bedroom of his home.

21. After awakening a startled Mr. Cain, the officer or officers left the home and went outside.

22. One of the officers then returned to the door of Mr. Cain's home multiple times.

23. On the last of those times, the Officer demanded the keys to the Vehicle.

24. Mr. Cain objected, stating that he was the owner of the Vehicle and not Lance Carlton Cain.

25. Defendant Wentzell, who was one of the officers at Mr. Cain's home, took the keys to the Vehicle and, over Mr. Cain's objections, entered the attached garage through the house, opened the garage door, and drove the Vehicle away.

26. The registration for the Vehicle, which was in the glove compartment at the time it was seized, stated that Mr. Cain was the owner of the Vehicle.

27. MJPD did not have a warrant or probable cause to seize the Vehicle.

28. On the night Defendants entered his home and seized the Vehicle, Mr. Cain was not provided with a Notice of Seizure or any receipt for the Vehicle.

29. Mr. Cain was not provided with any notice that a forfeiture hearing would be held.

30. On September 19, 2017, without notice to Mr. Cain, a forfeiture warrant hearing was held in the Wilson Country General Sessions Court before Judge Barry Tatum.

4

Case 3:18-cv-00521   Document 44   Filed 12/20/18   Page 4 of 12 PageID #: 178

31. In support of the Forfeiture Warrant, Defendant Cordle filed an Affidavit averring that <u>Lance Carlton Cain</u>, not Mr. Cain, was the owner of the Vehicle and Electric Service Credit Union had a security interest in the Vehicle.

32. Likewise, the Notice of Property Seizure and Forfeiture of Conveyances issued to Lance Cain by Defendant Cordle lists both the "Person in Possession at Time of Seizure" and "Owner of Seized Property" as Lance Carlton Cain.

33. As early as 2016, however, MJPD, and specifically Defendant Cordle, had knowledge that the Vehicle was registered to Mr. Lewis Cain.

34. Defendant Cordle noted in an incident report on August 3, 2016, that the Vehicle "was shown to be registered to a Lewis C. Cain at 2512 Bayview Drive in Nashville Tn."

35. On September 19, 2017, Judge Tatum signed the Forfeiture Warrant for the Vehicle, which stated that "Lance Carlton Cain/Electric Service CU" had an ownership or security interest in the property.

36. The Forfeiture Warrant does not list Mr. Lewis Cain as the Vehicle's owner.

37. Further, nothing in the Forfeiture Warrant — or any Affidavit or documents submitted to the court — alleged that Mr. Lewis Cain was involved in, or had any knowledge of, any criminal activity taking place or the use of the Vehicle in furtherance of any criminal activity.

38. In fact, no evidence existed that indicated Mr. Lewis Cain was involved in, or had any knowledge of, any criminal activity taking place or the use of the Vehicle in furtherance of any criminal activity.

39. Mr. Cain contested the seizure by filing a Petition for Hearing with the Tennessee Department of Safety on November 14, 2017; a hearing was set to be held on January 25, 2018, before Administrative Judge Mattielyn B. Williams.

40. On January 4, 2018, the State of Tennessee filed a Motion for Order of Voluntary Nonsuit and Dismissal.

41. On January 10, 2018, Judge Williams granted the nonsuit and ordered the Vehicle returned to Mr. Cain.

42. The Vehicle was returned to Mr. Cain on January 22, 2018.

43. It was returned in damaged condition, including damage to the Vehicle's windshield, which had to be replaced.

44. The seizure of the Vehicle was marked by numerous flaws that would have required a court to dismiss the case had the State of Tennessee not done so.

45. Defendants did not have a warrant to enter Mr. Cain's home following the arrest of Lance Carlton Cain.

46. No exceptions to the warrant requirement existed that would have permitted Defendants to enter Mr. Cain's home without a warrant.

47. Defendants did not have a warrant to seize the Vehicle at the time it was seized.

6

48. Defendants did not have probable cause to seize the Vehicle at the time it was seized.

49. The Forfeiture Warrant and Affidavit in Support contained material errors and omissions.

50. Mr. Cain did not receive a pre-deprivation notice.

51. The Wilson County General Sessions Court did not have jurisdiction over the Vehicle, which was seized in Davidson County.

52. The requirement that Mr. Cain pay costs prior to receiving a hearing on the seizure of the Vehicle violates the Fifth Amendment Due Process Clause of the U.S. Constitution, and Article 1, § 8 of the Tennessee Constitution.

53. The Vehicle was not subject to forfeiture under Tennessee Code Annotated §§ 53-11-451(a)(4) and 40-33-210(a)(b), because the State of Tennessee could not meet its burden to prove that Mr. Cain knew that the Vehicle was being used in a manner making it subject to forfeiture or that any alleged criminal acts or omissions involving the Vehicle were committed with Mr. Cain's knowledge or consent.

54. The seizure of the Vehicle violated the requirements set forth in Tennessee Code Annotated § 40-33-203.

55. The seizure of the Vehicle violated the requirements set forth in Tennessee Code Annotated § 40-33-204.

56. Because of the unlawful seizure of the Vehicle, Mr. Cain has suffered damages.

## Claim One

### UNREASONABLE SEARCH AND SEIZURE CHALLENGE

57. Mr. Cain incorporates by reference Paragraphs 1 through 56 above as though fully set forth herein.

58. The Fourth Amendment to the United States Constitution prohibits Defendants from unreasonably seizing Mr. Cain's property.

59. The Fourth Amendment states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seize

60. 42 U.S.C. § 1983 provides for suit against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."

61. The entry into Mr. Cain's home to search for and the subsequent seizure of the Vehicle were without a lawful basis.

62. Defendants did not obtain a warrant based on probable cause prior to entering Mr. Cain's house or removing his property from his home.

63. Upon information and belief, Defendants conspired to seize the Vehicle.

64. The U.S. Supreme Court and various federal courts have clearly established that police must obtain a warrant based on probable cause and issued by

8

a neutral magistrate before searching a home and seizing property, in the absence of exigent circumstance or other exception to the warrant requirement.

65. By seizing and retaining the Vehicle without lawful basis, Defendants violated Mr. Cain's rights under the Fourth Amendment of the United States Constitution.

## Claim Two

### DUE PROCESS CHALLENGE

66. Mr. Cain incorporates by reference Paragraphs 1 through 65 above as though fully set forth here.

67. The Due Process Clause of the Fifth and Fourteenth Amendments to the U.S. Constitution prohibit Defendants from depriving Mr. Cain, and any person, of his property without due process of law.

68. 42 U.S.C. § 1983 provides for suit against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution."

69. Defendants knew or should have known that Mr. Cain was the owner of the Vehicle.

70. Mr. Cain was not provided with due process prior to the seizure of the Vehicle.

71. Mr. Cain was not provided notice of the Forfeiture Warrant Hearing.

72. By failing to allow Mr. Cain a fair hearing prior to the seizure of his Vehicle, Defendants violated his Fifth Amendment rights.

73. By requiring Mr. Cain to pay costs prior to receiving a hearing on the seizure of his Vehicle, Defendants violated his Fifth Amendment rights.

<u>Claim Three</u>

**BAD FAITH PURSUANT TO TENNESSEE CODE ANNOTATED § 40-33-215**

74. Mr. Cain incorporates by reference Paragraphs 1 through 72 above as though fully set forth here.

75. The Vehicle was seized pursuant to Tennessee Code Annotated, Title 40, Chapter 33, Part 2.

76. Defendants acted in bad faith in seizing the Vehicle because they intentionally, dishonestly, and willfully represented to the court that the Vehicle was owned by Lance Carlton Cain.

77. Defendants acted in bad faith in seizing the Vehicle because they intentionally, dishonestly, and willfully seized the Vehicle despite their knowledge that the Vehicle belonged to Mr. Cain.

78. Defendants acted in bad faith because they knew at the time of the seizure that there was no evidence that Mr. Cain had knowledge of any criminal activity taking place or the use of the Vehicle in furtherance of any criminal activity.

79. Accordingly, the seizing authority, the City of Mount Juliet, violated Tennessee Code Annotated § 40-33-215, by seizing the Vehicle in bad faith.

80. As a result of the violation of T.C.A. § 40-33-215, Mr. Cain has suffered damages.

## Relief Requested

WHEREFORE, as a result of the violation of the Fourth Amendment and T.C.A. § 40-33-215, Mr. Cain respectfully requests the following relief:

1. A judgment from the court finding that the individual Defendants violated Mr. Cain's Fourth Amendment Rights;

2. A judgment from the court finding Defendants violated T.C.A. § 40-33-215;

3. An award of compensatory and punitive damages against the individual defendants for violation of his Fourth, Fifth, and Fourteenth Amendment rights.

4. An award of compensatory damages against Defendant City of Mt. Juliet for violation of T.C.A. § 40-33-215;

5. All the costs of this suit, prejudgment interest and reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988 and T.C.A. § 40-33-215, and all further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Mandy Strickland Floyd*

Thomas H. Castelli, BPR# 24849
Mandy Strickland Floyd, BPR#31123
ACLU Foundation of Tennessee
P.O. Box 120160
Nashville, TN 37212
(615) 320-7142
(615) 691-7219 (facsimile)

*Attorneys for Plaintiff*